[Civ. No. 6664. First Appellate District, Division Two.—May 6, 1929.]

FRANK HURST, Appellant, v. GUY J. K. BIGELOW et al., Respondents.

William S. Bayless for Appellant.

Ware & Murphy, Dudley D. Sales and Thomas P. Boyd for Respondents.

KOFORD, P. J.—Plaintiff sued for $3,500 for labor and services for fourteen months at $250 per month and prayed that the claim be foreclosed as a mechanic's lien. He was given judgment against his employer for the amount but was denied the lien and now appeals from the judgment.

Defendant Bigelow was the owner of 238 acres of land and orchard in Sonoma County. He leased it to a group of associates acting for the Moon Golf and Country Club for five years. The lease carried an option to purchase. These lessees assigned to defendant Lichtenberg who gave defendant Partridge an option. The latter gave an option to Mr. Woodburn, president of defendant Peninsular Development Corporation. This company employed plaintiff at a salary of $250 per month to manage, supervise and keep in a state of repair the fifty acres of the leased premises which had been used and which it was intended to again use as a nine-hole golf course. Plaintiff commenced his period of employment January 11, 1925. He continued in the said employment until and after March 11, 1926. What work he did during this period is not clearly enough described in the evidence to form the basis of a detailed account. He styled himself a hotel man by occupation, and in one part of his testimony stated that his work was that of a hotel man employed to superintend the placing of the golf grounds in condition. He seemed to have acted as a superintendent of grounds and caretaker.

The court made written findings of fact to the effect that his claim of lien was not filed in time; that the owner of

the property, Bigelow, did not have knowledge of the alleged work performed so as to charge him with a lien under Code of Civil Procedure, section 1192; and, further, that plaintiff did almost no work during that time of a lienable character. The court found "that aside from the work of said plaintiff in mowing or causing to be mowed the grass on said links or golf course, and repairing said pipes that run to said golf course, and spending one and one-half days' time in patching the tees on said golf course, said Frank Hurst did not perform any work or labor or services on said golf course or any part thereof."

We have examined the evidence and find this finding to be supported by substantial evidence. The plaintiff appeared to be unable upon his examination to give details of time spent upon such parts of his work as might be considered of a lienable character so that the date and reasonable value thereof might be ascertained. The witnesses adverse to him testified that he did practically no work of that character, and particularly that he did no work after July, 1925, when a court receiver was appointed. His notice of lien was filed March 19, 1926, which was more than the statutory time after the last item of work was performed which could possibly be considered to be work upon any such structure for which liens are allowed by Code of Civil Procedure, section 1183. The reasonable value of no item of work was proven.

The points on appeal depend upon an attack upon the findings of the court, which we find to be supported by the record.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.